■ In the Matter of EDWARD G. KUSER, Petitioner, v NORMAN F. GALLMAN et al., Constituting the State Tax Commission of the State of New York, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission. Petitioner inherited 150 shares of stock from the estate of his mother who died on July 20, 1960. In the Federal and State estate tax returns the stock was valued at $750 per share. In February of 1961, the corporation was liquidated and a final liquidation value was placed on the stock at $877.72 per share. Whereupon, petitioner reported a capital gain on both his 1961 Federal and State income tax returns, representing the increase in value of such stock of $127.72 per share. In November of 1962, the Surrogate's Court determined that said stock should be valued at $877.72 per share for New York State estate tax purposes, which resulted in an additional estate tax of $2,918.29, one half of which was charged to petitioner as beneficiary of his mother's estate. No appeal was taken therefrom, nor was the Federal estate tax return amended. In March of 1963, petitioner filed an amended 1961 State income tax return eliminating the capital gain and requested a refund therefor. As the value of such stock at $750 per share had been accepted by the Internal Revenue Service, he did not amend his 1961 Federal income tax return. The request for refund on petitioner's 1961 State income tax was denied and, after a hearing, such denial was sustained by respondent Tax Commission. This article 78 proceeding ensued. Subdivision (a) of section 612 of the Tax Law provides as follows: "The New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section." One of those modifications permits a subtraction from Federal adjusted gross income for the "portion of any gain, from the sale or other disposition of property having a higher adjusted basis for New York income tax purposes * * * on the last day of the last taxable year for which article sixteen imposes tax, that does not exceed such difference in basis". (Tax Law, § 612, subd [c], par [4].) Petitioner argues that the $877.72 per share value determined by the Surrogate was retroactively established as of July 20, 1960, the date of his mother's death, and he should be allowed, therefore, to avail himself of this modification. However, section 350-a of article 16 of the Tax Law expressly provides that "No tax shall be imposed under this article with respect to a taxable year ending on or after December thirty-first, nineteen hundred sixty". Article 22, in turn, provides: "This act shall take effect immediately but (1) the provisions of article twenty-two of the tax law as added by this act shall apply only with respect to taxable years ending on or after December thirty-first, nineteen hundred sixty". (L 1960, ch 563, § 5.) These statutes are clear and unambiguous. No fiscal year is involved in the instant case and we are concerned only with calendar years. Consequently, article 22 applies to the taxable year of 1960 and article 16 does not apply to such taxable year. Since petitioner's stock transaction did not occur until his mother's death in July of 1960, the modification contained in section 612 (subd [c], par [4]) does not apply to petitioner. He was required to report the same adjusted gross income for his 1961 State income tax as he did for his 1961 Federal. Petitioner did not

amend his 1961 Federal return, and, since the 1961 Federal adjusted gross income included the capital gain of $127.72 per share of said stock, he was also required to include it in his 1961 State return. His request for a refund based on no capital gain was properly denied. We do not find that the taxes imposed on the mother's estate and on petitioner for income tax purposes constituted double taxation. Both the taxpayers and the taxes imposed were different. Determination confirmed, without costs, and petition dismissed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.