In the Matter of CENTRAL OFFICE ALARM Co., INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, July 7, 1977

*Zimmer, Fisbach & Hertan (Jay H. Landau* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Michael F. Colligan* and *Ruth Kessler Toch* of counsel), for respondent.

MAHONEY, J. Petitioner was in the business of providing central office alarm services to businesses in New York City and its environs. Contracts with customers provided that all equipment installed at subscriber's premises was removable at termination of service and remained the property of the installer. In addition to the monthly charge, an installation fee was assessed against the customer. Pursuant to petitioner's applications for review of determinations of sales and use taxes due during the period from March 1, 1966 through August 31, 1970, respondent commission, so far as pertinent herein, concluded (1) that the charges to subscribers for installation of the alarm service on their premises were taxable (Tax Law, § 1105, subd [c], par [3]), and (2) that the materials purchased by petitioner for use in installing the alarm systems were purchased at retail sale and subject to a sales tax (Tax Law, § 1105, subd [a]). This transferred CPLR article 78 proceeding ensued.

Petitioner contends that its installation charges are exempt from sales tax by the express provisions of paragraph (3) of subdivision (c) of section 1105 of the Tax Law, which makes sales of personalty taxable "except for installing property which, when installed, will constitute an addition or capital improvement to real property, property or land, as the terms real property, property or land are defined in the real property tax law". Since the Legislature has defined what is real property for tax purposes, common-law rules have no application *(People ex rel. Holmes Elec. Protective Co. v Chambers,* 1

NY2d 760). Subdivision 12 of section 102 of the Real Property Tax Law, so far as pertinent herein, defines real property as "(d) Telephone and telegraph lines, wires, poles and appurtenances; supports and inclosures for electrical conductors and other appurtenances, upon, above and under ground". Thus, reading the statutes (Tax Law, § 1105, subd [c], par [3]; Real Property Tax Law, § 120, subd 12, par [d], *in pari materia* and giving each its literal meaning, it would appear that the equipment installed by petitioner, being appurtenant to telephone lines, became part of the real property. This appearance, however, is illusory within the factual context of this case. Indisputably, under the cited statutes, the costs of installing home improvements, such as a new bathroom or an in-ground swimming pool, are exempt because they clearly become realty and are taxable pursuant to realty taxes imposed by local sovereigns. Herein, however, the installation of alarm systems is pursuant to contract for a stated and fixed term which, if not renewed, terminates automatically and empowers petitioner to remove the installed equipment. Therefore, the installed equipment does not constitute "an addition or capital improvement to real property". The respondent tax commission's interpretation of paragraph (3) of subdivision (c) of section 1105 of the Tax Law is not unreasonable and, in the absence of any clear showing by petitioner of any provision of law plainly giving an exemption *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Finance of State of N. Y.,* 39 NY2d 75, cert den 429 US 832), must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434).

Petitioner's alternate contention that it is entitled to a refund or credit of an amount equal to the sales tax imposed on the installation charges (Tax Law, § 1119, subd [c]) is without merit. Section 1119 requires that property upon which a sales tax has been imposed and paid must subsequently be used by the purchaser in performing a service that results in such property becoming a physical part of the property upon which the service is performed or, that the property be transferred to the purchaser of the service. Herein, the personal property which petitioner used in installing alarm systems did not become a physical part of the customer's property nor was such property transferred. Petitioner retained title to all of the equipment and there is no evidence that any part of the installation fee was "rent" for use of the equipment.

The determination should be confirmed, and petition dismissed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.