In the Matter of ROBERT J. GURNEY et al., Appellants, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, April 19, 1979

### APPEARANCES OF COUNSEL

*Singer, Hunter, Levine & Seeman (Robert J. Kaplan* and *Bernard E. Singer* of counsel), for appellants.

*Robert Abrams, Attorney-General (Michael F. Colligan* and *Shirley Adelson Siegel* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

The facts are not in dispute. In 1955 the petitioners, while residents of the State of North Carolina, entered into an agreement in which they sold the stock in certain closely held corporations with the proceeds to be paid to them on an installment basis. The installment payments began in 1955 and terminated in 1962. Petitioners subsequently became residents of New York. In an opinion letter, dated January 22, 1957, respondents notified petitioners that the deferred profit from this installment sale would not be taxable for purposes of New York income tax. In the calendar year 1962 petitioners had a capital gain of $280,152.55 from the 1955 sale installment received in that year which they offset on their Federal income tax return with capital losses sustained by them on other transactions, thereby showing a net capital gain on the Federal income tax return for 1962 in the sum of $18,120.60.

On their 1962 New York State income tax return, petitioners did not report the capital gain received that year from the 1955 installment sale on the grounds that it was not attributable to a New York source. Respondents subsequently agreed that the installment payments were from a non-New York source, and were properly excludable under section 654 (subd [c], par [3]) of the Tax Law. As a result, for the year 1962, petitioners showed a net capital gain on their Federal tax return, and a net capital loss on their State tax return. Petitioners seek to carry over into succeeding years this net capital loss. Petitioner Robert J. Gurney claims that he should be permitted to carry over this capital loss into 1963, 1964 and 1965, and petitioner Gloria E. Gurney seeks to carry over this capital loss into 1963 and 1964. The tax year 1962 is not in dispute.

The carry-over of these capital losses was disallowed by

respondents, and on May 17, 1967 the petitioners requested a hearing. Thereafter, petitioners waived their right to a formal hearing, and consented to have their application decided on the information in respondents' file. In a determination, dated July 15, 1977, respondents concluded that petitioners were not entitled to net capital loss carry-overs for the years in dispute. The grounds for this determination are section 612 (subd [a]) of the Tax Law, which defines New York adjusted gross income of a resident as his Federal gross adjusted income with certain modifications, and the finding that no net capital loss carry-overs were reported on petitioners' Federal returns for the years 1963, 1964 and 1965.

Petitioners commenced this article 78 proceeding to review the determination, contending that respondents' strict adherence to the language of section 612 (subd [a]) of the Tax Law was arbitrary and capricious. Special Term dismissed the petition and this appeal ensued.

There must be a reversal. Section 654 (subd [c], par [3]) of the Tax Law provides that no item of income or gain from a nonresident's out-of-State source *"shall be taken into account* in determining New York adjusted gross income or the New York itemized deduction *for any subsequent taxable period"* (emphasis added). Since petitioners' Federal returns for 1963, 1964 and 1965 showed no loss carry-over from 1962 solely because the 1962 loss was used to offset the 1962 gain, which was from an out-of-State source while petitioners were nonresidents, the refusal to allow petitioners to carry over the 1962 loss into 1963, 1964 and 1965 on their State returns because no such loss carry-over appeared on their Federal returns for those years clearly takes into account the 1962 out-of-State income while petitioners were nonresidents. Accordingly, respondents' simplistic reliance on the literal meaning of section 612 (subd [a]) to conclude that petitioners must use the adjusted gross income figures from the Federal returns for the years in question results in a direct conflict with section 654 (subd [c], par [3]), and its determination, therefore, cannot be sustained.

The judgment should be reversed, on the law and the facts, and the petition granted, without costs.

STALEY, JR., J. (dissenting). In its determination, dated July 15, 1977, respondents found that petitioners were not entitled to net capital loss carry-over for the years in dispute, concluding that a carry-over was not permitted by section 612 (subd

[a]) of the Tax Law. Respondents further found that for the years 1963, 1964 and 1965, petitioners reported gains on their Federal returns, and that no net capital loss carry-over was established for the period in question on petitioners' Federal returns. Since no capital loss carry-overs were used in arriving at the Federal adjusted gross income on their Federal returns for these years, the petitioners were not allowed to use capital loss carry-overs on their State returns.

Section 612 (subd [a]) of the Tax Law provides: "The New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section."

Accordingly, the starting point in determining a taxpayer's State tax liability for each tax year is the taxpayer's Federal adjusted gross income for that year. Modifications to Federal adjusted gross income may be made only as permitted by statute (Matter of Kuser v Gallman, 48 AD2d 970). The petitioners concede that their Federal adjusted gross income for each year in dispute did not include any adjustment for a capital loss carry-over, and that none was available to them on their Federal tax returns.

Section 654 (subd [c], pars 2, 3) of the Tax Law is the only statute cited by petitioners permitting the modification they seek to make to their adjusted gross income, and an examination of its provisions reveals that its purpose is to exclude income from non-New York sources accrued by a resident taxpayer while he was a nonresident. Petitioners received the full benefit of this section, and were permitted to exclude the income they received from the installment payments received as a result of the 1955 sale of their stock while nonresidents. Petitioners never were required to pay any New York State income tax on the proceeds of the installment sales.

Section 612 of the Tax Law, which conformed the New York adjusted gross income to the Federal adjusted gross income, embodied important public policy considerations when it was enacted in 1960. Federal conformity was an important step in the efficient administration and enforcement of the State income tax laws. Deviation from the Federal adjusted gross income may only be permitted in those limited instances provided by the Legislature in the applicable statute. Petitioners' situation does not come within any of the exceptions provided by the statute.

In *Matter of Long Is. Light Co. v State Tax Comm.* (45 NY2d 529, 535), the court stated: "It first should be recognized that, subject to constitutional inhibitions, the Legislature has very nearly unconstrained authority in the design of taxing impositions. From another perspective, fairness and equity are not the principal criteria against which the validity of tax statutes is to be determined. Similarly, when equal protection claims are to be weighed the rule is elementary that in taxation, even more than in other fields, Legislatures possess the greatest freedom in classification *(Shapiro v City of New York,* 32 NY2d 96, 103). Accordingly, it seldom suffices, and is often immaterial, in the resolution of tax controversies to demonstrate that in application a particular statute or regulation works even a flagrant unevenness. (Cf. *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193.)"

For the years in question, petitioners were not entitled to include capital loss carry-overs in computing Federal adjusted income. Tax deductions and exemptions depend upon clear statutory provisions therefore, and the burden is upon the taxpayer to establish a right to them *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Central Office Alarm Co. v State Tax Comm.,* 58 AD2d 162). The petitioners have failed to carry this burden. Moreover, the interpretation of a statute by the agency charged with the statute's enforcement is entitled to great weight *(Matter of Howard v Wyman,* 28 NY2d 434).

It cannot be stated that the determination of the respondents in this case was arbitrary, unreasonable or otherwise invalid.

The judgment should be affirmed.

GREENBLOTT and SWEENEY, JJ., concur with MAHONEY, P. J.; STALEY, JR., and HERLIHY, JJ., dissent and vote to affirm in an opinion by STALEY, JR., J.

Judgment reversed, on the law and the facts, and petition granted, without costs.