In the Matter of ADT COMPANY, INC., Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, November 27, 1985

### APPEARANCES OF COUNSEL

*White & Case (Emanuel G. Demos, Stephen M. Piga, Richard E. Widin* and *Mary R. D'Agostino* of counsel), for appellant.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner installs, sells, operates and maintains burglar and fire alarm systems. The two basic systems offered, central station and local alarm, are comprised of essentially the same components but differ in operation. Central station systems are connected by leased telephone lines to a central office where signals are received and monitored and, when an alarm sounds, guards are dispatched; local alarm systems terminate with a sounding device on the protected premises. A variant of the local system, referred to as a direct connect local alarm system, transmits signals to nearby police or fire headquarters.

At the commencement of a service contract, petitioner charges its subscribers an advance service charge to cover the cost of installing the particular alarm system. After the system has been installed, petitioner then collects an annual service charge for maintaining the system. Between March 1, 1967 and May 31, 1971, petitioner collected no sales tax on any of these revenues. A 1974 audit of petitioner's records resulted in an assessment of a sales tax deficiency, which was duly protested. Following a formal hearing held in 1978, respondent ultimately found petitioner liable because of sales taxes due and unpaid on its annual charges for local alarm services in the amount of $96,638 and on advance service charges for both local and central station systems in the amount of $116,799. This CPLR article 78 proceeding to review respondent's determination was then instituted by petitioner. Special Term's dismissal of the petition prompted this appeal.

At the outset, we note that petitioner's challenge is not

to the amount of the assessment, but to the constitutionality and applicability to it of Tax Law § 1105; a CPLR article 78 proceeding is a proper vehicle for presenting such a challenge *(Matter of Hall v New York State Tax Commn.,* 108 AD2d 488, 489-490; *Matter of Hospital Tel. Sys. v New York State Tax Commn.,* 41 AD2d 576).

Tax Law § 1105 (c) (3) (iii) taxes receipts from the sale of services such as installing or maintaining tangible personal property except when the property installed "will constitute an addition or capital improvement to real property". Petitioner maintains that alarm systems such as those it installs constitute real property and come within the exception. Whether petitioner is indeed so situated hinges to a large extent upon the authority it has reserved to itself to remove the installed property when its service contracts terminate *(Matter of Central Off. Alarm Co. v State Tax Commn.,* 58 AD2d 162, 164, *lv denied* 44 NY2d 642).

■ Examination of petitioner's local service contracts, which also cover direct connect systems, discloses that they provide expressly that the entire system was and would remain petitioner's own personal property. In still another paragraph of the contract, petitioner is authorized to remove the whole system "upon termination of this agreement by lapse of time, default in the payment of any monies due hereunder, or otherwise". Given that petitioner retained the legal right to remove the alarm system equipment, we perceive no reason to disturb respondent's determination that petitioner's revenues from annual local alarm services were subject to sales tax.

■ The same reasoning persuades us to conclude that the advance service charges levied by petitioner for installing both its local alarm and central station systems are taxable installation charges. In this regard, we find it significant that although petitioner's central and modified central station service contracts, drafted apparently to accord with an antitrust settlement, provided that "[u]pon termination of service * * * the Subscriber has the right, upon written request, to receive all of [petitioner's] right, title and interest in [certain equipment]", an officer of petitioner testified that the actual value of the material recoverable by petitioner is substantially greater than that of the equipment nonrecoverable under the contract. Petitioner's loss then, if a subscriber exercised his right, is seemingly chimerical, for all it would be deprived of is the opportunity to recover material that would cost more to remove than to leave in place. Moreover, under petitioner's

various central station contracts, it retained ownership of the equipment installed. While the question of taxability is closer in this instance, respondent's determination that the installed equipment was tangible personal property is certainly reasonable and should, therefore, be sustained.

■ Petitioner's overlying contention is that retroactive assessment of a sales tax deficiency in this case is unconstitutional and inequitable. The premise for this argument is that the prevailing interpretation of Tax Law § 1105 (c) (3) throughout the audit period favored classifying petitioner's service as excepted from sales tax. For this proposition, petitioner relies on *People ex rel. Holmes Elec. Protective Co. v Chambers* (1 Misc 2d 990, *affd* 285 App Div 886, *affd* 1 NY2d 760). There, for real property tax purposes, equipment utilized in a central station burglar alarm system was deemed to be real property; the system was considered to be an appurtenance to telegraph lines. *Holmes,* which has since been overruled *(see, Matter of Quotron Sys. v Irizarry,* 48 NY2d 795, 797), has, of course, no precedential value with regard to taxation of petitioner's local alarm systems, for telegraph lines are not utilized. And while this case lends some force to petitioner's claim that advance charges for installing central station systems was not subject to sales tax under the law as interpreted during the years in dispute, no documentation in the record indicates that petitioner actually relied on the *Holmes* decision as a basis for failing to carry out its statutory duty to collect the sales tax during the audit period.

Even if the record herein and the *Holmes* decision *(supra)* can be read to support petitioner's suggestion that its reliance on *Holmes* justified its failure to collect sales taxes with respect to annual and advance service charges on both central station and local alarm systems, *Matter of American Tel. & Tel. Co. v State Tax Commn.* (61 NY2d 393) instructs us that a retroactive change in respondent's interpretation is not invalid per se, particularly where, as here, it has not been categorically demonstrated that respondent's interpretation of the Tax Law is palpably unjust *(supra,* at p 404).

Neither do we find persuasive petitioner's dependence on a body of Federal law which characterizes as a "deputy tax collector" an employer obliged to withhold taxes from an employee's wages *(see, e.g., Central Ill. Public Serv. Co. v United States,* 435 US 21). That analogy has yet to be extended beyond the employer-employee setting; we find no cause to enlarge it.

MAIN, J. P., CASEY, LEVINE and HARVEY, JJ., concur.
Judgment affirmed, with costs.