■ In the Matter of SCHOLASTIC BUS SERVICE, INC., Appellant, v STATE TAX COMMISSION, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 6, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a corporation franchise tax assessment imposed under Tax Law article 9-A.

Petitioner is a New York corporation which leases school buses to its sister corporation, Pioneer Transportation Corporation, for the transportation of school children. In September 1978, the Audit Division of the State Department of Taxation and Finance issued two notices of corporation franchise tax deficiencies to petitioner for the years 1974 and 1975. In April 1980, as a response to the deficiency assessment, petitioner filed two refund claims. Petitioner claimed a refund for 1974 of $13,740 based on a net operating loss carry-back from 1976. For 1975, petitioner claimed a $12,079 refund based on a net operating loss carry-back from 1976 and 1977.

The two corporations filed Federal corporation tax returns on a combined basis for the years 1974 through 1977. In 1976, Pioneer had Federal taxable income of $213,626 and petitioner had a loss of $159,933. Their combined total net income was $53,693 for Federal tax purposes. In computing its State taxable income, Pioneer was entitled to a deduction from its Federal taxable income for the amount which it received for the operation of school buses (20 NYCRR 3-2.4 [a] [3]). As a result, Pioneer's State taxable income was $10,681. Combined with petitioner's loss, the two corporations had an over-all loss of $149,252 for State tax purposes.

In 1977, Pioneer had Federal taxable income of $228,962. Petitioner had a loss of $131,702. The net Federal taxable income was $97,260. For State tax purposes, Pioneer was entitled to a school bus deduction of $217,513, resulting in taxable income of $11,449. Combined with petitioner's loss, the two corporations incurred a net loss of $120,253 in calculating their State tax return.

Petitioner, in its refund claims, wanted to carry back the 1976 and 1977 net operating losses to 1974 and 1975 to offset the tax deficiencies for those years. The Audit Division denied petitioner's refund claims. Petitioner appealed to respondent, which ruled against petitioner. Special Term confirmed that

determination after petitioner commenced a CPLR article 78 proceeding. This appeal by petitioner ensued.

Petitioner contends that "Federal taxable income" should be read according to the terms of 20 NYCRR 3-2.4 (a) (3), wherein it is provided that Federal taxable income is to be adjusted by subtracting school bus revenues. Thus, petitioner's argument continues, since Pioneer was entitled to a school bus deduction of $217,513 in 1977, resulting in taxable income of $11,449, which, when combined with petitioner's loss of $131,702, resulting in a net loss of $120,253, the adjusted Federal taxable income would permit a net operating loss carry-back resulting in a refund of $12,079 for the year 1975. Petitioner makes a similar analysis for 1976.

While petitioner's argument may appear to be facially correct, it is without merit. Tax Law § 208 (9) (f) provides: "A net operating loss deduction shall be allowed which shall be presumably the same as the net operating loss deduction allowed under section one hundred seventy-two of the internal revenue code". The provision for the net operating loss deduction is followed by three exceptions, including that of Tax Law § 208 (9) (f) (3), which provides: "[S]uch deduction shall not exceed the deduction for the taxable year allowable under section one hundred seventy-two of the internal revenue code". Clearly, the plain language of the statute limits the net operating loss deduction for State tax purposes to the amount to be claimed on the taxpayer's Federal return. Here, no school bus exclusion is permitted for Federal tax purposes. Accordingly, there was no net operating loss deduction that could be claimed on petitioner's Federal return. Thus, no deduction greater than the Federal net operating loss deduction could be allowed for State tax purposes.

In *Matter of American Can Co. v State Tax Commn.* (37 AD2d 649), this court addressed the meaning of Tax Law § 208 (9) (f), stating that one of the three exceptions to a net operating loss deduction is that "the amount may not exceed that claimed for Federal tax purposes under section 172 of the United States Internal Revenue Code of 1954". Further, in *Matter of Gurney v Tully* (51 NY2d 818, *revg* 67 AD2d 303), the Court of Appeals rejected the petitioners' attempt to modify the State-adjusted income by capital loss carry-overs which they were not entitled to claim on their Federal returns. Tax deductions and exemptions depend upon clear statutory provisions and the burden is on the taxpayer to

establish a right to them *(Matter of Grace v New York State Tax Commn.;* 37 NY2d 193, 195-196). Here, petitioner has failed to sustain that burden.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.