72

In the Matter of NEW YORK STATE SUPERFUND COALITION, INC., et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. (Proceeding No. 1.)

In the Matter of CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. (Proceeding No. 2.)

Third Department, January 19, 1989

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (David A. Munro, Peter H. Schiff* and *Douglas H. Ward* of counsel), for New York State Department of Environmental Conservation and others, appellants.

*Nixon, Hargrave, Devans & Doyle (Thomas S. West, Domenick L. Gabrielli, Robert J. Alessi* and *Thomas F. Walsh* of counsel), for New York State Superfund Coalition, Inc., respondent.

*LeBouf, Lamb, Leiby & Mac Rae (Dennis P. Harkawik, Leon A. Allen, Jr., Bert H. Ware* and *Jessie T. Wilkins* of counsel), for Central Hudson Gas & Electric Corporation, respondent.

### OPINION OF THE COURT

KANE, J.

ECL article 27, title 13 relates to inactive hazardous waste

disposal sites. Under ECL 27-1313 (3) (a), if respondent Commissioner of Environmental Conservation finds that hazardous wastes at a particular site "constitute a significant threat to the environment", he may order the owner of such site to develop a remedial clean-up program. The Commissioner is also authorized to establish rules and regulations necessary to effectuate the purposes of title 13. To that end, the Commissioner adopted 6 NYCRR part 375. These regulations concern the development and implementation of remedial clean-up programs (6 NYCRR 375.1 [b]) and provide that:

"the commissioner may determine that a significant threat to the environment exists when hazardous wastes at an inactive hazardous waste disposal site either actually or potentially:

"(1) violate any New York State environmental quality standard;

"(2) contaminate groundwater, surface water, flora, fauna or air" (6 NYCRR 375.5 [c]).

Five additional situations are also listed under which the Commissioner is permitted to determine that a "significant threat" exists (6 NYCRR 375.5 [c] [3]-[7]).

After the regulations were enacted, two separate proceedings were commenced challenging 6 NYCRR part 375. Petitioner New York State Superfund Coalition, Inc. (hereinafter Superfund Coalition), a not-for-profit corporation, brought proceeding No. 1 on behalf of itself and its members. Petitioner Central Hudson Gas & Electric Corporation (hereinafter Central Hudson) and various other utilities initiated proceeding No. 2.* The Superfund Coalition proceeding sought both declaratory relief and relief under CPLR article 78 annulling 6 NYCRR part 375. Central Hudson's CPLR article 78 proceeding sought relief on similar grounds. The two proceedings were thereafter joined.

After conducting a hearing and reviewing the evidence placed before it, Supreme Court determined, *inter alia,* that 6 NYCRR part 375 failed to distinguish between sites which posed a "significant threat" to the environment, thus requiring a remedial clean-up program, and those sites which did not pose a "significant threat". The court therefore concluded that the regulations emasculated the Legislature's will under

---

* For the sake of simplicity, petitioners in both proceedings will collectively be referred to as petitioners.

title 13 by allowing a "significant threat" to the environment to be found even if one did not exist. The court also determined that since the "significant threat" standard encompassed all of 6 NYCRR part 375, the entire regulation had to be annulled. This appeal by respondents ensued.

Initially, respondents contend that Supreme Court erred in its decision by reading 6 NYCRR 375.5 (c) as establishing substantive criteria which establish instances when an inactive hazardous waste site is a "significant threat" to the environment. They claim that in reading 6 NYCRR 375.5 (c), in conjunction with the rest of 6 NYCRR part 375, it only sets forth situations where the Commissioner may, if based on adequate findings of fact under 6 NYCRR 375.5 (b), make a finding of a "significant threat".

We disagree. ECL article 27, title 13 is a comprehensive regulatory scheme designed to create a system that classifies inactive hazardous waste disposal sites. The classification system is designed to determine which sites constitute a "significant threat" to the environment. It is provided that the regulations enacted by the Commissioner "shall set forth findings to be based on a factual record which must be made before the commissioner determines that a significant threat to the environment exists" (ECL 27-1315). A hazardous waste is defined by statute as any waste which either "may * * * [c]ause, or significantly contribute to an increase in mortality * * * or * * * [p]ose a substantial present or potential hazard to human health or the environment" (ECL 27-1301 [1] [a], [b]). In our view, the list of subclass sites which pose a "significant threat" under 6 NYCRR 375.5 (c) is too broad insofar as that regulation requires only that the hazardous waste at a particular site hold the "potential" for hazards to human health or the environment prior to being determined a "significant threat". Hazardous wastes always hold the "potential" for harm to humans or the environment (see, ECL 27-1301 [1]). Under 6 NYCRR part 375, every site where such wastes exist could constitute a "significant threat". If the Legislature had intended for the mere. presence of hazardous waste to be sufficient to order a remedial program pursuant to ECL 27-1313 (3) (a) and (b), it would not have required that such waste create a "significant threat" (ECL 27-1313 [3] [a]). The "significant threat" requirement must mean something beside the fact that a hazardous waste be potentially harmful. We therefore concur with Supreme Court's conclusion that the "significant threat" criterion is central to both the registering

and listing of inactive hazardous waste disposal sites pursuant to ECL 27-1305 and the site remediation program set forth under ECL 27-1313. Given that the "significant threat" element is necessary before any action to clean up is required, 6 NYCRR 375.5 (c) is too broad since it could result in a finding of a "significant threat" at any site. In reaching this conclusion, we are mindful that courts usually defer to an administrative agency when it interprets its regulations; such deference, however, does not control where, as here, the regulations contravene and are inconsistent with the statutory scheme *(see, Matter of Harbolic v Berger, 43 NY2d 102, 109).*

We also agree with Supreme Court that 6 NYCRR 375.5 (c) fails to afford a reviewing court a sound basis to conclude whether a decision to order a site remediation program was rational. Respondents argue that the regulation establishes only procedural and not substantive criteria since it only establishes the instances under which the Commissioner may, based on adequate findings of fact and on a case-by-case basis, make a "significant threat" determination. However, 6 NYCRR 375.5 (c) is not concerned exclusively with describing the methods by which respondents will carry out their functions, that is, the filing of applications or the serving of papers. The regulation is therefore substantive. It lists seven ways the Commissioner may determine that a "significant threat" exists and thus establishes criteria to which findings are compared in order to determine if a site constitutes a "significant threat" to the environment. Furthermore, the experts' affidavits conclude that 6 NYCRR 375.5 (c) is overinclusive and vague since, in their view, numerous sites could be unjustifiably labeled a "significant threat" to the environment, while others which are such a threat may not be labeled as such. These affidavits support Supreme Court's conclusion that meaningful judicial review of a determination of the necessity for a clean-up program is not possible under 6 NYCRR 375.5 (c).

We turn next to the question of whether Supreme Court properly determined that 6 NYCRR part 375 must be annulled in its entirety. Petitioners first argue that this issue has not properly been preserved for our review. However, upon a review of the record, we are of the view that this issue was sufficiently preserved so as to permit its review *(cf., Matter of Industrial Liaison Comm. v Williams, 131 AD2d 205, 210, affd 72 NY2d 137).* Nevertheless, we agree that the regulation should be annulled in its entirety. Here, the invalid

portion of the regulation so affects the entire regulatory scheme so that the invalid part cannot be removed without neutralizing the substance of the scheme *(cf., Town of Islip v Caviglia,* 141 AD2d 148, 167-168). The "significant threat" requirement of 6 NYCRR 375.5 (c) affects almost every other section of 6 NYCRR part 375. For example, the issues limitation provision of 6 NYCRR 375.3 (e), the finding of facts provision of 6 NYCRR 375.5 (b), the prima facie case provision of 6 NYCRR 375.3 (c), and the issue estoppel provision of 6 NYCRR 375.3 (d) are all affected. These provisions demonstrate how encompassing the "significant threat" standard is to the over-all regulatory scheme of 6 NYCRR part 375.

Having reached these conclusions, it is unnecessary to address the parties' remaining arguments on this appeal.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.