■ In the Matter of CoDATA CORPORATION, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Audit Division of the Department of Taxation and Finance conducted a sales and use tax audit of petitioner, a manufacturer and supplier of fire alarm and communication systems, for the period March 1, 1979 through February 29, 1984. The Audit Division disallowed credits for bad debts totaling $3,985.99 claimed in petitioner's amended sales tax return filed March 8, 1983 and issued a notice of determination and demand for payment in the amount of $6,960.63, plus penalty and interest of $4,184.26, for a total of $11,144.89. Petitioner challenged the assessment, and an Administrative Law Judge (hereinafter ALJ) determined that the bad debt credits claimed by petitioner were barred by the three-year Statute of Limitations pursuant to Tax Law § 1139 (a) and (e), but reduced the assessment, upon consent, to $3,985.99, together with interest and penalty. Upon further review by respondent Tax Appeals Tribunal, the determination of the ALJ was sustained. This proceeding followed.

Petitioner contends that the bad debt credits were timely claimed in accordance with the applicable regulations, 20 NYCRR former 525.5 (c) (1) and (4). Petitioner first points to the fact that subdivisions (a) and (b) of 20 NYCRR former 525.5 expressly provided for three-year limitations periods with respect to applications for credit for canceled sales and returned or defective merchandise, while subdivision (c), regarding bad debts, is silent with respect to time requirements except to state that a credit or refund may not be sought until the bad debt has actually been charged off for Federal income tax purposes. Thus, petitioner argues, the bad debt credits, based upon 1976 and 1977 transactions for which a deduction was taken on the Federal income tax return for the fiscal year ending June 30, 1982, were timely claimed. We disagree.

Initially, it has long been held that regulations which are inconsistent with the statute must be struck down *(see, Matter*

*of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 595; *Matter of Velez v Division of Taxation,* 152 AD2d 87, 90-91; *Matter of Dental Socy. v New York State Tax Commn.,* 148 AD2d 791, 792). Tax Law § 1132 (e) authorizes respondent Commissioner of Taxation and Finance to promulgate regulations for exclusion from taxable receipts of, among other things, bad debts, subject to the three-year limitations period set forth in Tax Law § 1139 (a). Contrary to petitioner's argument, there simply is no statutory exception for bad debts which would permit the promulgation of a regulation at variance with the three-year statutory limitations period.

Moreover, the fact that 20 NYCRR former 525.5 (c) (4) required that the bad debts be charged off for Federal income tax purposes, for which there is a seven-year limitations period *(see,* 26 USC § 6511 [d] *[1]),* before being claimed for a sales tax credit does not warrant an inference that a longer period is authorized. In our view, the only way to reconcile the regulation with Tax Law §§ 1132 and 1139 is to construe it as requiring both (1) that the application for a sales tax credit or refund for bad debts be filed within three years and (2) that the bad debts have been written off for Federal income tax purposes. Although it has generally been the policy of courts to administer local tax statutes in a manner consistent with parallel Federal tax laws *(see, Matter of Marx v Bragalini,* 6 NY2d 322, 333), in a case such as this, where the State tax laws specifically and expressly diverge from the Federal tax laws, there is no requirement that the court strain to read them as identical *(cf., Matter of Merrick Estates Civic Assn. v State Tax Commn.,* 65 AD2d 669, *lv denied* 46 NY2d 707).

As for petitioner's contentions that it may be impossible to determine that a debt is bad during the initial three-year limitations period and that CPLR 213 provides for a six-year Statute of Limitations to bring a contract action thereon, it suffices to note that there is nothing to prevent the Tax Law from providing a more stringent limitations period. In fact, 20 NYCRR former 525.5 (c) (2) did not necessarily require legal action to enforce payment as a prerequisite to deductibility. Finally, we note that "statutes creating tax exemptions are to be strictly and narrowly construed" and the taxpayer bears the burden of proving entitlement thereto *(Matter of Dental Socy. v New York State Tax Commn.,* 148 AD2d 791, 793, *supra),* a burden that has not been met here.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.