■ In the Matter of KATHLEEN KARLSBERG, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [925 NYS2d 237]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's request for a refund of personal income tax imposed under Tax Law article 22.

Federal tax law permits an itemized deduction for gambling losses up to the full amount of gambling income (see Internal Revenue Code [26 USC] § 68 [c] [3]; § 165 [d]). Respondent Tax Appeals Tribunal determined that the amount of New York's itemized deduction for gambling losses is reduced pursuant to Tax Law § 615 (f) for taxpayers with higher income levels. Petitioner, who had significant gambling winnings as well as equally significant gambling losses in 2003 and 2004, contends that the Tribunal erred in its interpretation and application of Tax Law § 615 (f), and that New York should adhere to the federal rule.

In 2003, petitioner, a single filer, had adjusted gross income of $253,220, which included $155,550 in gambling winnings. Her itemized deductions that year were $163,157, the largest part of which came from $155,550 in claimed gambling losses. Since

her adjusted gross income exceeded $150,000, her total itemized deductions were reduced by 25%. The next year, petitioner's adjusted gross income was $866,903, her gambling winnings were $817,825, and her itemized deductions of $819,642 included $817,825 in gambling losses. Her itemized deductions were reduced by 50% in 2004 since her adjusted gross income was over $525,000. This resulted in a tax liability in 2004 that exceeded the entire amount of her nongambling income.

She subsequently filed amended returns for both years claiming refunds based on her assertion that the amount of her gambling losses were not subject to the percentage reduction applied to her itemized deductions. The Division of Taxation disagreed with her position regarding gambling losses and disallowed her claimed refunds. She was unsuccessful in a conciliation hearing as well as a hearing before an Administrative Law Judge. Upon review, the Tribunal sustained the determination of the Administrative Law Judge. This proceeding ensued.

We are unpersuaded by petitioner's argument that the doctrine of federal conformity is applicable to New York's treatment of the itemized deduction for gambling losses. "Pursuant to the doctrine of federal conformity, courts [should] adopt, whenever reasonable and practical, the [f]ederal construction of substantially similar tax provisions, particularly where the state statute is modeled on [the] federal law" (*Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y.*, 63 AD3d 1316, 1319 [2009] [internal quotation marks and citations omitted]; *accord Matter of Marx v Bragalini*, 6 NY2d 322, 333 [1959]; *Matter of Delese v Tax Appeals Trib. of State of N.Y.*, 3 AD3d 612, 613 [2004], *appeal dismissed* 2 NY3d 793 [2004]). While Tax Law § 615 (a) adopts, in part, federal law regarding itemized deductions, it also explicitly sets forth a specific exception "as provided for under subsections (f) and (g) of this section." Tax Law § 615 (f) reduces the amount allowed for *all* itemized deductions based on the adjusted gross income of the taxpayer. Unlike the federal law which excepts certain items from its reduction of itemized deductions, including gambling losses (*see* Internal Revenue Code [26 USC] § 68 [c] [3]), New York does not except any itemized deductions from its reduction provisions (*see* Tax Law § 615 [f], [g]). On this narrow issue, New York tax law is not substantially similar to federal tax law, and there is no requirement that we "strain" to construe the statutes as substantially similar (*Matter of CoData Corp. v Commissioner of Taxation & Fin.*, 163 AD2d 755, 756 [1990]).

Petitioner next asserts that the Tribunal's determination was erroneous, arbitrary and capricious. We cannot agree. "Tax

deductions and exemptions depend upon clear statutory provisions and the burden is on the taxpayer to establish a right to them" (*Matter of Scholastic Bus Serv. v State Tax Commn.*, 116 AD2d 915, 916-917 [1986]; *see Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 582 [2006]; *Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]). Here, a straightforward interpretation of the statute supports the position of the Tribunal and not petitioner. The absence of an exception for wagering losses in the Tax Law evinces not that there is an unintended gap that should be filled by federal law, but instead that there is no gap as the Legislature did not intend any exceptions to the reduction. The fact that a publication from the Department of Taxation and Finance indicated that lottery winners "may be able to deduct the amount spent on lottery tickets and any other gambling losses up to the amount of your gambling winnings" does not compel the conclusion urged by petitioner. The publication speaks in a nonmandatory term (i.e., "may") and, while incomplete in that it does not address the reduction for higher income earners, it is correct as to taxpayers whose gross adjusted income falls below the levels set in Tax Law § 615 (f). More importantly, the clear statutory language controls over the less than comprehensive wording of the Department's publication.

Lastly, petitioner contends that the Tribunal's determination violated her equal protection rights.* "[T]he equal protection clause does not prevent State Legislatures from drawing lines that treat one class of individuals or entities differently from others unless the difference in treatment is palpably arbitrary or amounts to an invidious discrimination" (*Trump v Chu*, 65 NY2d 20, 25 [1985], *appeal dismissed* 474 US 915 [1985] [internal quotation marks omitted]; *see Brady v State of New York*, 80 NY2d 596, 604-605 [1992], *cert denied* 509 US 905 [1993]; *Matter of Long Is. Light. Co. v State Tax Commn.*, 45 NY2d 529, 535 [1978]). No such showing has been made here. Taxpayers in the same category of adjusted gross income are equally subject to the same reduction for all their itemized deductions in New York. As for petitioner's position compared to lower category earners, her higher tax burden is the acceptable result of a generally progressive or graduated tax system (*see generally Brady v State of New York*, 80 NY2d at 605).

Mercure, J.P., Rose, Kavanagh and McCarthy, JJ., concur.

---

\* Inasmuch as a "challenge to the constitutionality of legislation may not be brought under CPLR article 78, . . . the matter should be converted to a combined article 78 proceeding and action for declaratory judgment" (*Matter of DaimlerChrysler Co., LLC v Billet*, 51 AD3d 1284, 1286 n 1 [2008]).

Adjudged that the proceeding is partially converted to an action for declaratory judgment, without costs, it is declared that Tax Law § 615 (f) has not been shown to be unconstitutional as applied to petitioner, determination confirmed and remainder of petition dismissed.

