■ JOEL KESLOW et al., Appellants, v STATE TAX COMMISSION, Respondent.—In an action for a judgment declaring the statutes, rules or regulations imposing tax liability on the plaintiff Jo Bee Foods, Inc., unconstitutional, and seeking a permanent injunction restraining the defendant from enforcing any tax assessment or warrant against the plaintiffs, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated May 15, 1985, which denied the plaintiffs' motion for a preliminary injunction and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced the instant action seeking a judgment declaring invalid and unconstitutional the State Tax Commission's imposition of tax liability upon the plaintiff Joel Keslow, in his individual capacity, and upon the corporate plaintiff Jo Bee Foods, Inc. (hereinafter Jo Bee). The plaintiffs further seek to enjoin the defendant from acting upon warrants it issued against Jo Bee *(see,* Tax Law § 1141 [b]) in connection with the plaintiffs' outstanding tax liabilities. Although the plaintiffs state that they are not contesting the amount of the tax due, they nevertheless argue that their constitutional rights were violated because the defendant's regulations provide no temporary relief from the warrants issued upon the assessments. Special Term dismissed the action, considering it to be a prematurely commenced CPLR article 78 proceeding, instituted before the plaintiffs exhausted their administrative remedies. The plaintiffs concede that they have failed to exhaust their administrative remedies but nevertheless argue that a declaratory judgment action is proper since they seek, *inter alia,* to vindicate their constitutional rights.

With respect to the individual plaintiff, Joel Keslow, it is undisputed that some four years prior to the filing of the warrant in question, he signed a consent form in which he agreed to pay taxes, penalties and interest in connection with his personal tax liability. Moreover, in 1981 the defendant issued notices of "demand for payment of sales and use taxes due" from the plaintiff Keslow, and, although he now denies the receipt of those notices, it is conceded that Keslow never sought administrative review with respect to the warrants issued thereon (see, Tax Law § 1138 [a]; cf. Gage v State Tax Commn., 73 AD2d 635, 636). It is well settled that a party seeking review of tax assessments must exhaust statutory or administrative remedies before requesting judicial intervention for declaratory relief (see, e.g., Reader's Digest Assn. v Friedlander, 100 AD2d 871). At bar, the record discloses that the plaintiff not only agreed to pay taxes for which the warrant was issued, but failed to seek administrative review of the assessments (see, Gage v State Tax Commn., supra, at p 636). Moreover, although a warrant has been filed with respect to the plaintiff Keslow, there has been no attempt to effect a seizure of his property pursuant thereto (cf. Treacher's Fish & Chips v New York State Tax Commn., 69 AD2d 550, 554). In light of the foregoing, we find the plaintiff Keslow's contentions of constitutional impropriety to be unavailing.

Finally, we reject the contention that the constitutional rights of Jo Bee have been violated by seizures made pursuant to warrants issued under Tax Law § 1141 (b). Jo Bee concedes that the amount of the underlying tax indebtedness for which the warrants against it were issued are correct; its sales tax returns furnished the figures employed in calculating the tax due. With respect to the mitigation of penalties and interest, Special Term's order properly relegates Jo Bee to the pursuit of its administrative remedies (see, Tax Law § 1145 [a] [1] [iii]; cf. Matter of F & W Oldsmobile v Tax Commn., 106 AD2d 792; Matter of Petrolane Northeast Gas Serv. v State Tax Commn., 79 AD2d 1043, 1044, lv denied 53 NY2d 601). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.