■ In the Matter of DURHAM TEMPORARIES, INC., Respondent, v NEW YORK STATE TAX COMMISSION, Appellant, and NEW YORK ASSOCIATION OF TEMPORARY SERVICES, INC., Intervenor-Respondent.—Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 2, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Initially, to the extent that the order on appeal here is not appealable as of right (CPLR 5701 [b] [1]), we grant respondent permission to appeal.

Petitioner instituted this CPLR article 78 proceeding seeking annulment of a sales tax assessment imposed upon it by respondent. It is petitioner's contention that Tax Law § 1105 (c) is inapplicable to its business activities and that, therefore, respondent exceeded its jurisdiction by attempting to compel petitioner to pay the tax assessment.

Petitioner is a personnel agency which lends employees to its customers on a temporary basis. Petitioner receives its customer's request with a general description of the necessary qualifications for the job. Usually the customer's request does not include the specific work to be performed. Upon receipt of the request, petitioner contacts an employee of its labor force

and informs the employee when and where to report to work. Upon placement of the employee, the customer controls the time, place and nature of the tasks the employee is to perform and the hours and duration of the work. When the work is completed, the customer delivers a time sheet to petitioner, detailing the hours that the employee worked for the customer. Based on this information, petitioner pays the employee's wages and is responsible for payroll deductions of taxes, unemployment insurance, disability insurance and fringe benefits. Respondent imposed a sales tax assessment because the type of work performed by the employees for the customers, consisting of janitorial, maintenance and secretarial work (key punching), would be taxable under Tax Law § 1105 (c) (5) if provided directly as a service.

The issue here is the applicability of Tax Law § 1105 (c) (5) to situations in which petitioner's employees are hired by petitioner's customers to perform work which would otherwise be taxable as a service. So framed, the issue triggers an exception to the rule requiring exhaustion of administrative remedies (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57), and Supreme Court properly denied respondent's motion to dismiss for the reason that the administrative remedies had not been exhausted.

As to the appropriateness of a CPLR article 78 proceeding to mount the challenge of petitioner, this court has held that such attack is properly brought by an article 78 proceeding (see, Matter of ADT Co. v New York State Tax Commn., 113 AD2d 140, appeal dismissed 67 NY2d 917). The order appealed from should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.