■ BANFI PRODUCTS CORPORATION, Appellant, v CAROL O'CLEIREACAIN, as Commissioner of Finance of the City of New York, et al., Respondents.—Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered November 25, 1991 which, *inter alia,* dismissed plaintiff's declaratory judgment action and denied its motion for preliminary injunctive relief as premature and which denied defendants' cross-motion to dismiss the complaint as moot, unanimously modified, on the law, to the extent of reinstating the action and remanding the matter to Supreme Court for a determination on the merits and, except as so modified, affirmed, without costs.

The complaint recites that plaintiff imports wines which it sells to wholesalers throughout the United States and to retail liquor stores and restaurants in the New York City area. Its principal place of business and warehouse are located in Nassau County, and the only business activity performed within the City of New York is the servicing of accounts and the solicitation of new accounts by plaintiff's sales personnel. Otherwise, orders are processed and shipped out of its warehouse in Farmingdale.

By notice of determination dated March 2, 1988, defendant Department of Finance asserted that plaintiff had been deficient in the payment of the New York City general corporation tax for the period January 1, 1971 through December 31, 1985. This tax is levied against a taxpayer for the privilege of "doing business" within the City of New York (Administrative Code of City of New York § 11-603 [1]). Pursuant to Information Bulletin No. 2-A (entitled "General Corporation Tax—Taxable Status") § 3, whether or not a corporation is "doing business" in the City is determined by such considerations as the extent of its activities—including the continuity, frequency and regularity of those activities—within the City of New York and the extent of total income derived from those activities, as well as the location of corporate officers, employees and management of the business and the purpose for which the business was organized. The Finance Department determined that plaintiff owed $2,586,812.77 in taxes, inclusive of interest through December 31, 1987. A hearing was scheduled to commence on November 7, 1991.

Plaintiff instituted this action on November 4, 1991, seeking a declaration that defendants' enforcement of the general corporation tax is unconstitutional and in excess of the authority granted to the Department of Finance by the Legislature. Plaintiff also sought a temporary restraining order and preliminary injunction against the enforcement of the tax as construed by defendants' administrative pronouncements. Defendant Department of Finance did not answer the complaint but cross-moved to dismiss the action on the ground that, by filing a petition requesting an administrative hearing, plaintiff had made an election of a remedy and was barred from proceeding with this action. Supreme Court decided the procedural issue by dismissing both the action and the application for temporary injunctive relief as "premature" and made no determination of the constitutional issues raised by plaintiff, stating, "There is no substantive finding by the court as to the

constitutionality of the Administrative Code and the actions of the defendants thereunder."

The practical effect of Supreme Court's ruling is to consign plaintiff to its administrative remedy and to subsequent judicial review of the determination of the Department of Finance pursuant to CPLR article 78. However, the complaint challenges the constitutionality of the application of the statute by the Department of Finance on equal protection and due process grounds and further alleges that it exceeds the statutory authority granted to the agency.

Generally, administrative remedies need not be exhausted "when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). "When a tax statute * * * is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable, it may be challenged in judicial proceedings other than those prescribed by the statute as 'exclusive'; the invalidity or total inapplicability affects the entire statute, including the limitations and restrictions on the remedy provided in it" (Matter of First Natl. City Bank v City of N. Y. Fin. Admin., 36 NY2d 87, 92). Under these circumstances, even a proceeding brought in an improper form will be converted into an appropriate action and heard on the merits (CPLR 103; Matter of First Natl. City Bank v City of N. Y. Fin. Admin., supra, at 94; see also, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184).

Defendants' argument that by proceeding before the Department of Finance plaintiff has elected its remedy is simply erroneous. Even when a taxpayer has received an administrative determination, it may nevertheless attack the constitutionality of the statute in a plenary action (Matter of First Natl. City Bank v City of N. Y. Fin. Admin., supra, at 90-91).

Defendants also contend that plaintiff's constitutional arguments are "idle allegations without substance" and that the general rule requiring exhaustion of administrative remedies may not be avoided "merely by alleging patently insubstantial constitutional questions." In the absence of a record from which the extent of plaintiff's activities within the City of New York can be assessed, whether or not plaintiff is "doing business" so as to subject it to liability for payment of the general corporation tax cannot be determined. We are therefore unable to conclude that plaintiff's constitutional argu-

ments are insubstantial. If however, as defendants point out in their opposing papers, plaintiff's contacts with the City of New York prove to be significant, contrary to the allegations of the complaint, plaintiff's argument that it is not doing business within the meaning of the statute will fall and, with it, the necessity to reach and decide the constitutional issues.

Defendants' assertion that our ruling in *Matter of Schaffer Grocery Corp. v Michael* (99 AD2d 930) is dispositive of the constitutional questions put forward by plaintiff is without merit. In that case, transferred to this court pursuant to CPLR 7804 (g) following a formal administrative hearing, the decision of the Commissioner of Finance assessing the plaintiff corporation for deficiencies in payment of the general corporation tax was confirmed, without opinion, upon a review of the findings of a Referee and the full record of the hearing. The absence of a record in the matter before us renders any comparison with plaintiff's situation impossible.

As to plaintiff's motion for preliminary injunctive relief, plaintiff has presented insufficient evidence to demonstrate a likelihood of success on the merits and has made only a conclusory allegation that it will sustain irreparable injury if injunctive relief is not provided. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.