■ KALLENBERG MEAT PRODUCTS, INC., Appellant, v CAROL O'CLEIREACAIN, as Commissioner of the Department of Finance of the City of New York, Respondent. [619 NYS2d 281] —In

an action, *inter alia,* for a judgment declaring invalid the imposition of commercial rent tax by the defendant upon the payments made by the plaintiff to Market Operating Corp., the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 2, 1992, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action, *inter alia,* seeking a judgment declaring invalid the imposition of commercial rent tax by the defendant Commissioner of the Department of Finance of the City of New York and vacating the warrant issued therefor, on the ground that the statute which authorizes the imposition of a commercial rent tax does not apply where, as here, the payments sought to be taxed are made to the entity which manages an association of meat dealers and not to or for the benefit of the commercial landlord *(see,* Administrative Code of City of NY, tit 11, ch 7). The Supreme Court granted the defendant's motion to dismiss the complaint, finding that the plaintiff's failure to timely follow the exclusive administrative review process was fatal to its claim. On appeal, the plaintiff concedes that it has failed to exhaust its administrative remedies, but nevertheless argues that a declaratory judgment is proper, since the statute which provides for the imposition of the tax at issue is wholly inapplicable to it. We disagree.

"It is well settled that a party seeking review of tax assessments must exhaust statutory or administrative remedies before requesting judicial intervention for declaratory relief *(see, e.g., Reader's Digest Assn. v Friedlander,* 100 AD2d 871)" *(Keslow v State Tax Commn.,* 125 AD2d 294, 295). However, where, as here, a tax statute is attacked as wholly inapplicable, it may be challenged in judicial proceedings other than those prescribed by the statute as "exclusive" *(see, Matter of First Natl. City Bank v City of N.Y. Fin. Admin.,* 36 NY2d 87, 92; *GTE Spacenet Corp. v New York State Dept. of Taxation & Fin.,* 201 AD2d 429; *Banfi Prods. Corp. v O'Cleireacain,* 182 AD2d 465, 467). This exception to the rule is limited to those cases where no factual issue is raised *(see, e.g., Westwood Pharms. v Chu,* 164 AD2d 462, 467; *Allstate Ins. Co. v Tax Commn.,* 115 AD2d 831, 834, *affd* 67 NY2d 999).

We agree with the Supreme Court's determination that the instant case "does not involve an issue of pure statutory analysis as to whether the tax is applicable * * * but turns on applying statutory language to unresolved issues of fact con-

cerning the relationship between the plaintiff and [the managing entity] and between [the managing entity] and the City". Thus, under the circumstances, the plaintiff's failure to exhaust its administrative remedies warranted the dismissal of the complaint. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.