■ In the Matter of BETWEEN THE BREAD II, LTD., Petitioner, v MICHAEL URBACH, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents. [651 NYS2d 629] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to prohibit respondents from imposing a sales tax on petitioner pursuant to Tax Law article 28.

The petition in this proceeding must be dismissed based on petitioner's failure to exhaust its administrative remedies. There has been no final determination by the Tax Appeals Tribunal which is a prerequisite for judicial review under Tax Law § 2016 (*see, Matter of R.A.F. Gen. Partnership v Division of Tax Appeals*, 206 AD2d 572), and we are not persuaded that petitioner's case falls within any of the exceptions to the requirement of exhaustion. It is true that a declaratory judgment action or a CPLR article 78 proceeding are appropriate vehicles to challenge the validity or applicability of a particular statute without exhausting administrative remedies (*see, e.g., Compass Adjusters & Investigators v Commissioner of Taxation & Fin. of State of N. Y.*, 197 AD2d 38, 41; *Matter of Durham Temporaries v New York State Tax Commn.*, 132 AD2d 843, 844). These exceptions, however, apply only where there is an absence of factual issues (*see, Kallenberg Meat Prods. v O'Cleireacain*, 209 AD2d 381, 382; *Compass Adjusters & Investigators v Commissioner of Taxation & Fin. of State of N. Y., supra*). Given the allegations set forth in the petition and respondents' denial of the substantive portion of said petition, it is our view that this case does not involve a question of pure statutory analysis as to whether the taxing statutes at issue (i.e., Tax Law § 1101 *et seq.*) are applicable, but turns instead on applying the statutes to unresolved issues of fact (*see, Kallenberg Meat Prods. v O'Cleireacain, supra*). Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.