■ In the Matter of Kenneth C. Cullen, Petitioner, v New York State Division of Tax Appeals et al., Respondents. [817 NYS2d 720]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Division of Tax Appeals which, inter alia, sustained an assessment of personal income tax imposed under Tax Law article 22.

Petitioner contends that respondent Department of Taxation and Finance sent notices of deficiency to him on March 6, 2003 at an address that the Department knew or should have known was outdated. The notices were returned as undeliverable and were remailed by the Department. On June 30, 2003, the Department mailed demands for payment to another address it had obtained for petitioner. Petitioner contacted the Department in December 2003 and, in February 2004, requested a conciliation conference. The request was dismissed as untimely in a conciliation order dated March 5, 2004, which also notified petitioner of his right to file a petition with respondent Division of Tax Appeals within 90 days.

Petitioner did not file a petition until July 2004, and it was dismissed by an Administrative Law Judge (hereinafter ALJ) because it had not been filed in a timely fashion. The ALJ noted that petitioner was not without recourse as he could pay the tax, apply for a refund and, if denied, proceed with a petition or conciliation conference. Petitioner requested an extension of time in which to appeal to the Tax Appeals Tribunal, but the request was not made until after the time to appeal had already expired. Petitioner then elected not to pursue the appeal to the Tax Appeals Tribunal, but instead commenced this proceeding.

A final determination by the Tax Appeals Tribunal is generally a prerequisite to judicial review and a failure to exhaust that administrative remedy will result in dismissal (see Matter

of *Between the Bread II v Urbach*, 234 AD2d 724, 724 [1996]; *Matter of De Milt v Tax Appeals Trib. of State of N.Y.*, 232 AD2d 824, 824 [1996], *lv denied* 89 NY2d 816 [1997]). Here, petitioner did not pursue an appeal to the Tax Appeals Tribunal. None of the narrow exceptions to the rule requiring the exhaustion of administrative remedies applies (*see Matter of Between the Bread II v Urbach, supra* at 724; *Kallenberg Meat Prods. v O'Cleireacain*, 209 AD2d 381, 382 [1994]; *see generally Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 322-323 [2003]). Moreover, as noted by the ALJ and conceded by respondents in their brief, petitioner has an available alternative remedy in which to pursue his factual and legal issues.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.