STEPHAN A. PILATICH, Appellant, v TOWN OF NEW BALTIMORE et al., Defendants, and WILLIAM M. HAMILTON et al., Respondents. [954 NYS2d 663]—

Kavanagh, J. Appeal from an order of the Supreme Court (Pulver Jr., J.), entered September 7, 2011 in Greene County, which, among other things, granted a motion by defendants William M. Hamilton and Donna R. Hamilton for, among other things, summary judgment dismissing the complaint against them.

Plaintiff owns property on Jennings Road in the Town of New Baltimore, Greene County, on which he operates a farm. Defendants William M. Hamilton and Donna R. Hamilton (hereinafter collectively referred to as defendants) own and reside on a parcel of real estate located across the road from plaintiff's farm. Between 1991 and 1994, defendants constructed a stone wall at the entrance of their driveway alongside Jennings Road to deter vehicles from driving over their lawn. Sometime later,

defendants installed several iron pipes on their property running from the far end of the stone wall along Jennings Road. According to plaintiff, the installation of the stone wall and pipes, coupled with defendant Town of New Baltimore adding "new paving and road material" on his side of Jennings Road, caused the roadway to "shift" toward his property, and large trucks are no longer able to access the driveway leading to his farm. He also argues that defendants' placement of the rock wall and pipes constituted a private nuisance that has substantially interfered with his use and enjoyment of his property.

In 2010, plaintiff commenced this action seeking, among other things, damages as well as an order directing defendants to remove the wall and pipes from their property. Prior to filing an answer to the complaint, defendants moved to dismiss pursuant to CPLR 3211 (a) (7), asserting that plaintiff had failed to state a cause of action. In the alternative, defendants also moved for summary judgment dismissing the complaint on the ground that plaintiff's claims were barred by the statute of limitations (*see* CPLR 3212). Supreme Court denied defendants' motion to dismiss, but granted defendants' motion for summary judgment concluding that plaintiff's claims were time-barred. Plaintiff now appeals.

Initially, we disagree with Supreme Court's conclusion that plaintiff's claim of private nuisance is untimely. While an action to recover damages for injury to property must be commenced within three years from the date of the injury (*see* CPLR 214 [4]), actions premised on a continuing nuisance involve a continuous wrong and, therefore, "generally give rise to successive causes of action that accrue each time a wrong is committed" (*Smith v Town of Long Lake*, 40 AD3d 1381, 1383 [2007]). In such cases, "damages are only recoverable to the extent that they were sustained during the three years immediately preceding commencement" of the action (*Cippitelli v Town of Niskayuna*, 203 AD2d 632, 634 [1994]; *see Kearney v Atlantic Cement Co.*, 33 AD2d 848, 849 [1969]). Here, plaintiff's claim of private nuisance is premised upon the existence of on-going damage being caused to his property by defendants' wall and iron posts. Thus, his claim for damages for the three-year period immediately prior to the commencement of this action is not untimely (*see Petti v Town of Lexington*, 92 AD3d 1111, 1114-1115 [2012]; *Lucchesi v Perfetto*, 72 AD3d 909, 911 [2010]).

We also find that Supreme Court erred in granting summary judgment dismissing the complaint. Defendants' motion was made before issue was joined by the service of an answer (*see* CPLR 3212 [a]; *Berle v Buckley*, 57 AD3d 1276, 1277-1278

[2008]). Further, defendants limited their motion for summary judgment to whether the statute of limitations barred plaintiff's action and did not address whether factual issues existed as to plaintiff's private nuisance claim. While a court may treat a motion to dismiss as one for summary judgment (*see* CPLR 3211 [c]; *Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1012 [2009]), it must provide notice of its intention to do so unless the parties lay bare their proof and " 'deliberately chart[ ] a summary judgment course' " (*Henbest & Morrisey v W.H. Ins. Agency*, 259 AD2d 829, 830 [1999], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]; *see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1016 [2012]; *Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d 1220, 1221 [2011]). Since the parties never addressed the specifics of plaintiff's private nuisance claim, Supreme Court should not have granted defendants' motion for a summary judgment dismissing the complaint (*see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d at 1012; *compare Kaplan v Roberts*, 91 AD3d 827, 828 [2012]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion of defendants William M. Hamilton and Donna R. Hamilton for summary judgment; motion denied and matter remitted to the Supreme Court to permit said defendants to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.