■ In the Matter of KEVIN DASHNAW et al., Appellants, v TOWN OF PERU et al., Respondents. [976 NYS2d 288]—

Stein, J. Appeal from a judgment of the Supreme Court (Muller, J.), entered June 11, 2012 in Clinton County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

Petitioners own real property located in the Town of Peru, Clinton County, which they sought to subdivide and develop. The property is accessed by Fairway Drive, a roadway formerly known as Brand Hollow Road.[1] Petitioners applied for a certificate of occupancy and building permit and, in connection therewith, were informed, among other things, that respondent Town of Peru would deny the building permit due to "insufficient road frontage." As a result, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment claiming, among other things, that the Town failed to maintain, repair and service Fairway Drive (ninth cause of action) and seeking, as pertinent here, a declaration that Fairway Drive is "an active and open town road and public right of way, which has not been formally abandoned, discontinued or closed by any of the respondents[ ]."

Respondents filed a pre-answer motion to dismiss the petition/complaint alleging, as pertinent here, that petitioners failed to state a cause of action (see CPLR 3211 [a] [7]) because Fairway Drive was never a town road and, even if it were, it had been abandoned. Supreme Court dismissed all of the causes of action contained in the CPLR article 78 petition and directed the parties to submit additional briefs with respect to the declaratory judgment action. The court subsequently granted petitioners' motion for reargument to the extent that it vacated so much of its prior order that dismissed the ninth cause of action regarding Fairway Drive. Supreme Court thereafter found that Fairway Drive was a former town road that had been abandoned by the Town and dismissed petitioners' action for a declaratory judgment, as well as the ninth cause of action to compel the Town to maintain Fairway Drive. This appeal by petitioners ensued and, for the reasons that follow, we modify.

Initially, we agree with petitioners' argument that Supreme Court erred in treating respondents' pre-answer motion to

---

1. Brand Hollow Road runs in an east/west direction and, in the 1960s, was dissected by the creation of Interstate 87. Fairway Drive lies on that portion of Brand Hollow Road that was east of Interstate 87.

dismiss as one for summary judgment.[2] Generally, a summary judgment motion is premature prior to the service of an answer (*see Yule v New York Chiropractic Coll.*, 43 AD3d 540, 541 [2007]). However, a court may treat a pre-answer motion as one for summary judgment if it "give[s] prior notice to the parties or, through their submissions, the parties themselves . . . demonstrate an intent to 'deliberately chart[ ] a summary judgment course' " (*Elhannon, LLC v Brenda J. DeLuca Trust*, 108 AD3d 911, 911-912 [2013], quoting *Pilatich v Town of New Baltimore*, 100 AD3d 1248, 1250 [2012]; *see Yule v New York Chiropractic Coll.*, 43 AD3d at 541-542). There is no indication in the record before us—nor do the parties assert—that Supreme Court provided any notice of its intention to treat the motion as one for summary judgment. Thus, the question before us distills to whether the parties charted a summary judgment course by laying bare their proof (*see Elhannon, LLC v Brenda J. DeLuca Trust*, 108 AD3d at 911-912; *Pilatich v Town of New Baltimore*, 100 AD3d at 1250; *Yule v New York Chiropractic Coll.*, 43 AD3d at 541-542).

Notably, none of the parties explicitly requested summary judgment relief. Although petitioners' submissions—which consisted of an affirmation of petitioners' counsel and an affidavit from each petitioner, with supporting documents—reflect some effort to controvert the voluminous evidence presented in support of respondents' motion, most of those submissions addressed respondents' attempt to demonstrate that Fairway Drive had never been a town road. Little evidence was presented by petitioners with regard to the issue of whether Fairway Drive had been abandoned. Thus, petitioners clearly did not lay bare all of their proof on that issue (*see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1012 [2009]). In fact, the affirmation of petitioners' counsel suggests that the parties—or, at the very least, petitioners—intended to further litigate the issue of abandonment.[3] Under these circumstances, Supreme Court erred in treating respondents' motion as one for summary judgment.

---

**2.** Supreme Court's decision clearly shows that it treated the motion as one for summary judgment and dismissed the petition/complaint on its merits, finding that respondents "readily met their burden of demonstrating that the [eastern] portion of [the road]" had been abandoned.

**3.** It is significant to note that petitioners also attempted to submit two additional affidavits in response to respondents' motion papers—one from a former Highway Superintendent and one from a former Town Board Supervisor—which touched on the issue of the Town's alleged abandonment of the road. However, upon respondents' objection to these affidavits as untimely submitted, Supreme Court refused to consider them.

In reviewing the merits of the motion to dismiss for failure to state a cause of action, we "must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [the] plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Vectron Intl., Inc. v Corning Oak Holding, Inc.*, 106 AD3d 1164, 1165 [2013]). Specifically, with regard to a pre-answer motion to dismiss a declaratory judgment action, the only issue presented for consideration is "whether a cause of action for declaratory relief is set forth, not . . . whether the plaintiff is entitled to a favorable declaration" (*North Shore Towers Apts. Inc. v Three Towers Assoc.*, 104 AD3d 825, 827 [2013] [internal quotation marks and citation omitted]; *see Hallock v State of New York*, 32 NY2d 599, 603 [1973]). However, "where the court, deeming the material allegations of the complaint to be true, is nonetheless able to determine, as a matter of law, that the defendant is entitled to a declaration in his or her favor, the court may enter a judgment making the appropriate declaration" (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013]). On the other hand, "if the material allegations of the complaint, taken as true, implicate 'factual issues such that the rights of the parties cannot be determined as a matter of law, a declaration upon a motion to dismiss is not permissible' " (*id.*, quoting *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1151 [2011]).

Here, petitioners' cause of action for declaratory judgment was sufficient to invoke Supreme Court's jurisdiction to render a determination as to whether Fairway Drive was a public road and, if so, whether it had been abandoned (*see* Highway Law § 205 [1]). Since the issue of abandonment is a factual determination that cannot be made as a matter of law (*see Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863 [2001]; *Matter of Wills v Town of Orleans*, 236 AD2d 889 [1997]), Supreme Court erred by finding that Fairway Drive is a private road and by dismissing petitioners' claim for a declaratory judgment. Similarly, it was error to dismiss petitioners' ninth cause of action, which alleged that Fairway Drive was a town road and that respondents had not complied with their duty to maintain it. Inasmuch as the ninth cause of action sufficiently stated a cause of action to compel the Town to maintain Fairway Drive (*see Matter of Aldous v Town of Lake Luzerne*, 281 AD2d 807, 808 [2001]; *see generally* Highway Law § 140) and dismissal of such cause of action was based on the premature conclusion that the road had been abandoned by the Town, it should be reinstated.

The parties' remaining claims have been reviewed and found to be either academic or without merit.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion to dismiss the ninth cause of action and the claim for declaratory judgment; motion denied to that extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.