Metro Enters. Corp. v New York State Dept. of Taxation & Fin. (2019 NY Slip Op 02934)





Metro Enters. Corp. v New York State Dept. of Taxation & Fin.


2019 NY Slip Op 02934


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

526657

[*1]METRO ENTERPRISES CORP. et al., Appellants,
v
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Hodgson Russ LLP, Albany (Christopher L. Doyle of counsel), for appellants.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeals (1) from an order of the Supreme Court (Weinstein, J.), entered August 29, 2017 in Albany County, which granted defendants' motion to dismiss the complaint, and (2) from an order of said court, entered May 11, 2018 in Albany County, which, among other things, upon reargument, adhered to its prior decision.
Plaintiff John Scarfi owns and operates plaintiff Metro Enterprises Corp. Metro engages in two lines of business. First, it owns point of banking machines used to sell "scrip" — or in-house currency — at four adult entertainment clubs in New York. A patron can use the scrip to purchase dances or to tip exotic dancers at the clubs, and the dancers redeem the scrip for cash. Second, Metro provides referral services for exotic dancers who wish to work in one of the clubs. Metro's income from the point of banking machines derives from transaction fees applied to the sale of scrip. Metro earns income from referral services by taking a percentage of the cash value of the scrip that a dancer redeems.
Following a tax audit, defendant Department of Taxation and Finance issued determinations assessing plaintiffs for sales and use taxes exceeding $3,863,000, plus penalties and interest. Plaintiffs commenced this action pursuant to CPLR 3001 against the Department and defendant Commissioner of Taxation and Finance seeking a declaration that Metro is not a vendor, that neither Metro nor Scarfi is a person required to collect tax pursuant to the Tax Law and that defendants could not hold plaintiffs liable for sales tax obligations incurred by the clubs. Defendants moved to dismiss, arguing that the complaint failed to state a cause of action and that plaintiffs failed to exhaust available administrative remedies. Supreme Court determined that, although plaintiffs were not required to exhaust available administrative remedies, the complaint failed to state a cause of action, and it granted defendants' motion on that basis. Plaintiffs then filed two motions — one seeking reargument and one seeking renewal and vacatur of the prior [*2]order. In one order, Supreme Court granted reargument, but adhered to its prior decision, and it denied the other motion. Plaintiffs now appeal from both orders.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), "we must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide the plaintiff the benefit of every possible inference" (Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225 [2013] [internal quotation marks, brackets and citation omitted]). Generally, "a motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Dashnaw v Town of Peru, 111 AD3d at 1225). Further, on a motion to dismiss pursuant to CPLR 3211 (a) (7), courts may reach "the merits of a properly pleaded cause of action for a declaratory judgment
. . . where no questions of fact are presented by the controversy" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2011] [internal quotation marks, brackets and citation omitted]; see Matter of Dashnaw v Town of Peru, 111 AD3d at 1225).
Relevant to this dispute, plaintiffs allege that Metro entered into service agreements with adult entertainment clubs (hereinafter registered clubs) and dancers entered into separate agreements seeking referrals to the registered clubs. Patrons at registered clubs could use a credit or debit card at the point of banking machine to purchase scrip. The point of banking machine generated a receipt that specified the amount of scrip purchased during each transaction, and a service fee — payable to Metro — was added to each transaction. An agent or employee of Metro or a registered club would deliver scrip to the patron in the amount specified on the receipt and the patron could then use the scrip to pay for dances or to tip the dancers. A dancer referred by Metro to a registered club was required to accept scrip from patrons and to pay for the referral service by allowing Metro to subtract a percentage from the total amount of scrip that the dancer redeemed.
The audited sales of scrip were derived from the point of banking machine transaction service fees, the redemption fee and the cash value of the scrip that the dancers redeemed, less the redemption fee. The gravamen of plaintiffs' claim is that Metro was neither a "vendor" pursuant to Tax Law § 1101 (b) (8) nor a "person required to collect . . . tax" pursuant to Tax Law § 1131 (1) because none of these revenue sources were receipts subject to sales tax among the enumerated taxable services under Tax Law § 1105.
We affirm, albeit on a different ground. Generally, a taxpayer challenging a tax assessment must first exhaust the available administrative remedies prior to commencing an action (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Davidson v Rochester Tel. Corp., 163 AD2d 800, 802 [1990], lv denied 76 NY2d 714 [1990]; W.T. Wang, Inc. v New York State Dept. of Taxation & Fin., 88 AD2d 825, 826 [1982], affd 58 NY2d 1021 [1983]; see also Tax Law § 1140). The two exceptions to this exclusive remedy requirement are "when a tax statute is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable" (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 321 [2003] [internal quotation marks, brackets, ellipsis and citation omitted]). "To challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it or the matter that was taxed" (id. at 322). In such a situation, a declaratory judgment action may be commenced to challenge a tax assessment only where there are no factual issues raised (see Kallenberg Meat Prods. v O'Cleireacain, 209 AD2d 381, 382-383 [1994]).
Any charge by a nightclub that offers exotic dancing for profit is taxable as an "[a]musement charge" within the definition of a "roof garden, cabaret or other similar place" (Tax Law §§ 1101 [d] [3], [4]; 1105 [f] [3]; see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d 1341, 1346 [2011]). Further, receipts from the sale of scrip are taxable when the scrip is used to pay for a private dance at such a club (see Matter of HDV [*3]Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 966 [2017]). It is "presumed that all . . . amusement charges of any type mentioned in [Tax Law § 1105 (f)] are subject to tax until the contrary is established, and the burden of proving that any . . . amusement charge . . . is not taxable . . . shall be upon the person required to collect tax" (Tax Law § 1132 [c] [1]). Accepting the allegations in the complaint to be true, we find, like Supreme Court, that Metro may be deemed a "recipient of amusement charges" required to collect sales tax (Tax Law §§ 1101 [d] [3], [11]; 1131 [1]). As defendants argued in support of their motion to dismiss, however, there are myriad questions of fact regarding the relationship between plaintiffs, the dancers and the registered clubs. Given these questions, we are unable to conclude whether or to what extent plaintiffs' receipts are taxable. As such, we find that this case falls within the general rule that a party must use available statutory and administrative remedies to challenge a tax assessment (see Allstate Ins. Co. v Tax Commn. of State of N.Y., 115 AD2d 831, 832 [1985], affd 67 NY2d 999 [1986]). As plaintiffs failed to exhaust their administrative remedies, dismissal of the complaint was proper (see Kallenberg Meat Prods. v O'Cleireacain, 209 AD2d at 382-383; Allstate Ins. Co. v Tax Commn. of State of N.Y., 115 AD2d at 831). Given this determination, plaintiffs' remaining arguments, including those regarding their motions to, among other things, reargue and renew, are academic.
Garry, P.J., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, without costs.