Matter of A. Colarusso & Son, Inc. v City of Hudson Planning Bd. (2023 NY Slip Op 03397)

Matter of A. Colarusso & Son, Inc. v City of Hudson Planning Bd.

2023 NY Slip Op 03397

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

536178
[*1]In the Matter of A. Colarusso & Son, Inc., et al., Respondents,
v
City of Hudson Planning Board, Appellant.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Hinman Straub PC, Albany (David B. Morgen of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for respondents.

Aarons, J.P.
Appeal from an order of the Supreme Court (Henry F. Zwack, J.), entered August 9, 2022 in Columbia County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied respondent's motion to dismiss the petition/complaint and granted a declaratory judgment to petitioners.
Petitioner A. Colarusso & Son, Inc. (hereinafter petitioner) is the sole member of petitioner Colarusso Ventures, LLC. Petitioner operates a mine and a plant in the Town of Greenport, Columbia County. As part of the mining operations, petitioner transports materials on a private haul road to a dock that it owns in the City of Hudson, Columbia County (hereinafter the City). Although a majority of the haul road is situated in the Town of Greenport, part of it is also situated in the City.
In 2016, petitioner sought to renovate the haul road and submitted site plan applications in connection therewith — one to the Town of Greenport Planning Board (hereinafter the Town Board) and another one to respondent. A dispute subsequently ensued between the Town Board and respondent as to who would serve as the lead agency pursuant to the State Environmental Quality Review Act (see ECL article 8 [hereinafter SEQRA]). The Department of Environmental Conservation resolved the dispute by designating the Town Board as the lead agency for SEQRA review. The Department of Environmental Conservation nonetheless encouraged the Town Board to seek and use respondent's expertise when evaluating any potential environmental impacts. In July 2017, the Town Board issued a negative declaration under SEQRA. The City's petition to annul this determination was ultimately dismissed. Meanwhile, in April 2019, respondent deemed the haul road application that it had received from petitioner to be complete. Respondent then held public hearings and received public comments. According to petitioner, however, respondent has not yet made a determination on this haul road application.
Separate from, but around the same time of, the foregoing, petitioner was also repairing the dock. During this repair, the City issued petitioner an order to remedy because the remedial work violated a provision of the Code of the City of Hudson. As a consequence, petitioner, in May 2017, applied for a conditional use permit to continue with the dock repair. This application included a short environmental assessment form. In August 2017, which was after the Town Board had issued its negative declaration relative to the haul road application, respondent determined that SEQRA review was necessary relative to the conditional use permit application. In December 2019, petitioner submitted a full environmental assessment form. In July 2020, respondent classified the conditional use permit application as a type 1 action and declared its intent to serve as the lead agency. In November 2021, respondent issued a positive declaration and directed petitioner to prepare a supplemental draft environmental impact [*2]statement. In so doing, respondent noted that petitioner "has applied for a conditional use permit for commercial dock operations" and that this project "encompasses all aspects of the proposed dock operations . . . including transportation to and from the dock."
Petitioners thereafter commenced this combined CPLR article 78 proceeding and action. The fourth cause of action in the petition/complaint pertained to the haul road application submitted to respondent. Respondent then filed a record of the proceedings relative to petitioner's haul road application and moved, in a pre-answer motion, to partially dismiss the petition/complaint under CPLR 3211. To that end, respondent's motion did not seek dismissal of the fourth cause of action. Supreme Court denied the motion and also declared that petitioners' haul road application before respondent is not subject to further SEQRA review and ordered that "site plan approval is directed to proceed." Respondent appeals.
"[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), courts may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented by the controversy" (Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d 1377, 1378-1379 [3d Dept 2019] [internal quotation marks, ellipsis and citations omitted]). That said, contrary to respondent's assertion, Supreme Court was not procedurally barred from awarding relief on petitioners' fourth cause of action. As part of the fourth cause of action, petitioners alleged that the haul road application has been pending before respondent since 2016 and that they have satisfied all conditions to obtain site plan approval for such application. They further sought an order declaring that respondent is precluded from requiring a supplemental environmental impact statement "on impacts associated with the haul road" and compelling respondent "to render a final determination on [the] pending [haul road] application." The record submitted by respondent in connection with the haul road application demonstrates that such application was deemed complete and that respondent held hearings and the public submitted comments with respect thereto. In view of the allegations and the record evidence, which reveal no factual question as to the fourth cause of action, the court possessed sufficient information to award relief thereon and did not err in doing so (see Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225 [3d Dept 2013]).
As to the actual relief awarded on petitioners' fourth cause of action, the dispute centers on whether Supreme Court directed respondent to grant petitioner's pending haul road application or to render a decision on the application. A review of the petition/complaint discloses that the latter was requested by petitioners. Indeed, this request is consistent with petitioners' arguments on appeal. Furthermore, petitioners maintain that Supreme Court did not direct respondent [*3]to reach a certain result on the haul road application.
Respondent meanwhile believes that Supreme Court did, in fact, direct it to reach a certain result — i.e., granting the haul road application. To that end, the language employed by Supreme Court arguably suggests that respondent must grant petitioner's application. The court ordered that "site plan approval is directed to proceed" and noted in the decision that respondent "is directed to proceed with site plan approval." The court further noted that petitioner was entitled to mandamus on "[respondent's] failure to grant site plan approval for that portion of the haul road which enters the City" (emphasis added). "Site plan approval," as used by the court, could refer merely to the process of granting, conditionally granting or denying a site plan application. However, in view of the pertinent code provision requiring respondent to consider various factors "[i]n considering whether to approve a site plan" (Code of City of Hudson § 325-35 [H] [2]), "site plan approval" could also mean granting the application on its merits.
As such, to eliminate any doubt, and because petitioners are entitled to a decision by respondent on the haul road application, whatever that decision may be, Supreme Court's directive must be clarified. That said, the language of "site plan approval is directed to proceed" in the decretal paragraph of the court's order must be deleted and be substituted with "a decision on the haul road application is directed to issue forthwith." Finally, to the extent that respondent challenges that part of Supreme Court's order directing that the haul road application is not subject to further SEQRA review by the City, such challenge is without merit (see Matter of Gordon v Rush, 100 NY2d 236, 243 [2003]). Respondent's remaining contentions have been considered and are either unavailing or improperly raised for the first time in reply.
Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by deleting so much thereof as ordered that "site plan approval is directed to proceed" and substituting therefor "a decision on the haul road application is directed to issue forthwith"; and, as so modified, affirmed.