Matter of Beckerman v New York State Dept. of Taxation & Fin. (2024 NY Slip Op 05520)

Matter of Beckerman v New York State Dept. of Taxation & Fin.

2024 NY Slip Op 05520

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0946
[*1]In the Matter of Julianne Beckerman, Appellant,
v
New York State Department of Taxation and Finance, Respondent.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Leventhal, Mullaney & Blinkoff, LLP, Roslyn (Steven G. Leventhal of counsel), for appellant.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Richard M. Platkin, J.), entered February 23, 2023 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent docketing a tax warrant against petitioner, and to stay enforcement of said warrant.
In 2017, petitioner and her husband were indicted by a grand jury and charged with criminal tax fraud and repeated failure to file personal tax returns for the years 2010 through 2014. After their respective criminal matters were severed, the indictment against petitioner was subsequently dismissed on speedy trial grounds and the husband separately pleaded guilty in February 2022 to a lesser charge and agreed to pay restitution. Respondent thereafter issued petitioner and the husband a notice and demand in April 2022 seeking payment of the taxes that were the subject of the criminal proceeding, plus interest and penalties. Petitioner filed a letter of disagreement disputing the premise of the notice as being inaccurate inasmuch as the indictment against her was dismissed. However, respondent did not respond to petitioner's letter and subsequently filed a warrant against her and the husband.
Petitioner then filed this CPLR article 78 petition arguing that the notice and demand was based on an error of fact as she had not pleaded guilty nor been convicted in the underlying criminal proceeding and never filed a joint tax return with the husband. Following joinder of issue, Supreme Court dismissed the petition in part, finding that petitioner was not entitled to a prepayment hearing based upon respondent's authorized issuance of the notice and demand. Consequently, the court found that petitioner had failed to exhaust her administrative remedies, requiring that she utilize the refund process, which entailed remittal of payment and obtaining a final determination from respondent before seeking judicial review.[FN1] Petitioner appeals.
Petitioner argues that the notice and demand for payment did not provide her with notice of her rights to contest the determination and deprived her of the right to a hearing. However, distilled to its core, petitioner's argument is founded upon the premise that she is entitled to a prepayment hearing, inasmuch as her liability for the tax deficiency identified in the notice and demand has not been properly established. Thus, petitioner's argument relative to her entitlement to a prepayment hearing necessarily implicates whether respondent's use of a notice and demand was proper.[FN2] As stated by Supreme Court, respondent has maintained the position that petitioner is jointly and severally liable for the unpaid taxes with the husband by virtue of the criminal proceeding and, accordingly, it could properly issue a notice and demand pursuant to Tax Law § 173-a (2). However, although Supreme Court noted that Tax Law § 173-a (2) did not expressly authorize the use of a notice and demand in the situation [*2]provided, the court deferred to respondent's determination that use of such a notice was proper. Accordingly, the propriety of respondent's use of a notice and demand is a threshold inquiry relative to the sufficiency of process afforded to petitioner.
As provided by Tax Law § 173-a (2), "provisions of law which authorize the issuance of a notice and demand for an amount without the issuance of a notice of deficiency for such amount, including any interest, additions to tax or penalties related thereto . . . [for] failure to pay tax shown on a return, or authorize the issuance of a notice of additional tax due, . . . shall be construed as specifically denying and modifying the right to a hearing . . . . Any such notice and demand or notice of additional tax due shall not be construed as a notice which gives a person the right to a hearing." A letter from the then-Commissioner of Taxation and Finance included in the legislative history of the statute notes that the addition of this statute, among other things, was intended to "eliminate[ ] formal prepayment hearing rights in [respondent's] Bureau of Conciliation and Mediation Services and in the independent Division of Tax Appeals in cases where additional tax is owed due to mathematical or clerical errors on the return, where changes are made to the taxpayer's federal return by the Internal Revenue Service or other competent federal authority (federal changes), or where the taxpayer has not paid all or part of the amount of the tax that the taxpayer has shown as due on the return" (Opinion of Commissioner of Taxation and Finance, Bill Jacket, L 2004, ch 60 at 9). Although the Commissioner suggested that the legislation left a prepayment proceeding in place "for penalties assessed by notice and demand (except for those penalties related to mathematical or clerical errors, failure to pay amounts shown on the return or federal changes),"[FN3] he noted that "there are many fewer issues that would benefit from prepayment hearing procedures in cases where a taxpayer has admitted to owing a certain amount on the return but has not paid that amount, where the underpayment is due to a mathematical or clerical error, or where federal authorities have already finally determined a matter which affects the calculation of the State personal income tax" (Opinion of Commissioner of Taxation and Finance, Bill Jacket, L 2004, ch 60 at 10 [emphasis added]).
It is clear that none of the aforementioned scenarios specifically identified in Tax Law § 173-a (2) as permissible grounds for the issuance of a notice and demand are applicable here, as there was no return filed and no federal adjustment that would affect the calculation of state income tax. Conversely, situations such as the one presented — namely, the failure to timely file tax returns — are expressly accounted for in the statute governing a notice of deficiency (see Matter of Tavolacci v State Tax Commn., 77 AD2d 759, 760 [3d Dept 1980]). That statute provides[*3], among other things, that "[i]f a taxpayer fails to file an income tax return required under this article, the tax commission is authorized to estimate the taxpayer's New York taxable income and tax thereon, from any information in its possession, and to mail a notice of deficiency to the taxpayer," and, "if a husband and wife are jointly liable for tax, a notice of deficiency may be a single joint notice" (Tax Law § 681 [a]). Although a deficiency automatically converts to an assessment 90 days after issuance of the notice of deficiency (see Tax Law § 681 [b]), by operation of statute, "[n]o assessment of a deficiency in tax and no levy or proceeding in court for its collection shall be made, begun or prosecuted, . . . until a notice of deficiency has been mailed to the taxpayer" (Tax Law § 681 [c]; see § 682 [a]).[FN4]
Respondent avers that the circumstances before us authorized the use of a notice and demand since petitioner's husband, by virtue of his guilty plea, had "consented" to the tax assessed against him and, pursuant to the joint liability provisions of Tax Law § 651 (b), against petitioner. Although Tax Law § 692 (b) permits respondent to issue a notice and demand "to each person liable for any amount of tax, addition to tax, penalty or interest, which has been assessed but remains unpaid," respondent has not identified any statutory authority suggesting that petitioner's husband's conviction provided justification for an assessment without first providing a notice of deficiency. To that end, the record contains no evidence of the husband's nor petitioner's consent to an assessment or a corresponding waiver of a notice of deficiency (see Tax Law § 681 [f]; see generally Matter of Emerald Intl. Holdings Ltd. v Tax Appeals Trib. of the State of N.Y., 181 AD3d 1003 [3d Dept 2020]). In the absence of such authority, we find that the issuance of a notice and demand predicated on petitioner's husband's criminal conviction was improper (see generally Matter of Yerry, 2017 WL 3599424, *3, 2017 NY Tax LEXIS 31, *6-7 [NY St Div of Tax Appeals DTA No. 827291, Aug. 10, 2017]; Matter of March, 2017 WL 2269758, *9, 2017 NY Tax LEXIS 64, *22-24 [NY St Div of Tax Appeals DTA No. 826057, May 10, 2017]), and, as a consequence, we find that respondent improperly deprived petitioner of a prepayment hearing without justification (compare Matter of Mayo v New York State Div. of Tax Appeals, Tax Appeals Trib., 172 AD3d 1554, 1555 [3d Dept 2019], lv denied 34 NY3d 1140 [2020]).
We have considered respondent's exhaustion arguments and, under the circumstances of this case, find them unavailing. To that end, respondent primarily contends that the due process concerns underlying this proceeding must first be raised in the context of an administrative proceeding. To be sure, "[i]t is well settled that an administrative agency's determination must be challenged through every available administrative remedy before it can be challenged in the courts" (Matter of Schenectady [*4]Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d 1023, 1024 [3d Dept 2015]; accord Matter of Shining Star Home Care, LLC v Zucker, 215 AD3d 1090, 1091-1092 [3d Dept 2023]), and, in the context of the Tax Law, exhaustion generally requires a determination by the Tax Appeals Tribunal (see Matter of Cullen v New York State Div. of Tax Appeals, 30 AD3d 850, 850-851 [3d Dept 2006]; see also Tax Law § 690 [b]). However, in this case, respondent's contention that the administrative process must be completed is only partially correct. Specifically, respondent dedicates much of its brief to the assertion, which is indeed accurate, that no prepayment hearing right arises from the issuance of a notice and demand (see e.g. Matter of Mohler, 2022 WL 16543083, *3, 2022 NY Tax LEXIS 127, *6 [NY St Div of Tax Appeals DTA No. 830302, Oct. 13, 2022]; Matter of Gonzaga, 2022 WL 2135723, at *11 [NY St Div of Tax Appeals DTA No. 828713, May 19, 2022]). However, as we have already determined, respondent's improper use of a notice and demand in order to collect petitioner's purported tax delinquency, predicated on the basis of her joint and several liability, effectively thwarted petitioner from initiating the appropriate administrative procedure. Moreover, to the extent that respondent suggests that petitioner could have sought a prepayment hearing despite the prohibition contained in Tax Law § 173-a (2), we note that respondent's notice and demand was accompanied by a Notice of Taxpayer Rights, which stated that if petitioner had formal protest rights they would be indicated on the notice and demand. To that end, the notice and demand provided no indication that a formal protest was available and, as conceded by respondent, no response was provided to petitioner's informal protest, which effectively prompted this proceeding. Accordingly, the suggestion that petitioner should have engaged in a process of which she was wholly unaware due to the lack of any guidance from respondent's own advisement is unavailing, and runs afoul of respondent's obligation to "provid[e] the public with a just system of resolving controversies . . . and to ensure that the elements of due process are present with regard to such resolution" (Tax Law § 2000).
Finally, to the extent that respondent's exhaustion argument is predicated on the availability of an administrative refund process, which would require petitioner to first pay the amount indicated on the tax warrant and then seek to recoup that money (see Tax Law § 689 [c]; see generally Matter of Dumpling Cove, LLC v Commissioner of Taxation & Fin., 230 AD3d 927, 930 [3d Dept 2024]), we are unpersuaded, as petitioner's engagement in that process would essentially render her prepayment due process contention moot (see generally Swergold v Cuomo, 70 AD3d 1290, 1293 [3d Dept 2010]; compare Arbor Hill Partners v New York State Commr. of Hous. & Community Renewal, 267 AD2d 675, 676 n [3d Dept 1999]). To that end, in light of our determination[*5], we need not weigh in on the parties' arguments pertaining to the merits of petitioner's tax liability, as that question must first be answered as part of the appropriate administrative process. Accordingly, we grant the relief sought in the petition and vacate the notice and demand and warrant issued against petitioner. The parties' remaining contentions are otherwise rendered academic.
Clark, J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition granted.

Footnotes

Footnote 1: Supreme Court partially granted the petition and ordered a stay of the payment until respondent provided a response to petitioner's letter of disagreement.

Footnote 2: To this end, we reject respondent's argument that petitioner failed to preserve her due process argument.

Footnote 3: Despite this statement, there is no indication that any prepayment procedure was still available upon the issuance of a notice and demand.

Footnote 4: Although the decision in petitioner's criminal matter refers to "three bills" sent to the husband's home "showing a tax assessment," the record does not include such documents or any further clarification as to their nature.